CARMELO VILARDI, Plaintiff, *v.* ANNA VILARDI, Defendant.

Supreme Court, Trial Term, New York County, October 8, 1951.

*David H. Harmon* and *Edward J. Fontana* for plaintiff.

*Louis Richman* and *Alfred H. Kleiman* for defendant.

MATTHEW M. LEVY, J. This is a motion made by the plaintiff to set aside the verdict of a jury directed in favor of the defendant. The action was brought for annulment upon the ground that the defendant, being in fact sterile at the time of her marriage to the plaintiff, fraudulently represented to him that she was able to bear children. The wife denied these allegations and counterclaimed for separation. The annulment complaint was tried upon framed issues. In the meantime, the separation counterclaim was held in abeyance.

On the trial of the annulment action the plaintiff, in the presentation of his case in chief, called the defendant to the stand as his witness and made inquiry as to her attendance at Gouverneur Hospital, the treatments there, the tests taken and the diagnosis. The witness made answer without objection from her counsel. The plaintiff then offered in evidence the hospital records of Gouverneur Hospital. The defendant's attorney, claiming privilege, objected to their admission, and the court excluded them. It is this exclusion which constitutes the principal basis for the plaintiff's contention that the verdict should be set aside.

Whatever Professor Wigmore's doubts may have been as to the justification for the privilege of physician and patient (8 Wigmore on Evidence [3d ed.], § 2380a), New York initiated

the statutory privilege as long ago as 1828 (2 Rev. Stat. of N. Y., part III, ch. VII, tit. III, § 73, p. 406), and has vigorously maintained it ever since in continued legislative recodifications and in repeated judicial pronouncements. Section 352 of the Civil Practice Act makes communication between a physician and a patient confidential. Hospital records come within the purview of this section (*Lorde* v. *Guardian Life Ins. Co.*, 252 App. Div. 646, 649; *Palmer* v. *John Hancock Mut. Life Ins. Co.*, 150 Misc. 669). A patient may waive this privilege, but such waiver must be either in open court on the trial of the action or upon a written stipulation (Civ. Prac. Act, § 354). Where, upon a trial, a patient voluntarily testifies and gives the full details of his case and discloses the secrets which the statute intended to remain confidential, the witness then has waived the privilege (*Hethier* v. *Johns*, 233 N. Y. 370).

There is doubt as to whether the testimony of the present defendant with respect to what happened at Gouverneur Hospital constitutes a full disclosure of her physical condition, and thus whether she thereby opened the door to the admission into evidence of the hospital records. But, even assuming that there were such a full disclosure, the more important question here arises as to whether the revelation by the defendant was voluntary.

The defendant was called as a witness on behalf of the plaintiff. It was then that she testified as to the tests and treatment given her at Gouverneur Hospital. Not one word of testimony was given by her as a part of the defendant's case. If the defendant had testified in her own behalf with respect to the medical information, then she might have been deemed to have waived the privilege. The testimony here, however, was in effect forced out of her by the examination of the plaintiff's attorney, which, in the circumstance of the trial status, was equivalent to being under cross-examination. That testimony adduced in the first instance under cross-examination is not a waiver of the privilege is supported by decisions in various States outside of New York (114 A. L. R. 798, 806, and cases cited therein), and to me this represents a sound and logical view. (See, also, *Gunn* v. *Robinson*, 103 Misc. 547, revd. on other grounds 188 App. Div. 948; cf. *Kaufman* v. *Rosenshine*, 97 App. Div. 514, affd. 183 N. Y. 562.)

If it be said that the defendant or her counsel could have objected when the defendant was asked these questions as a witness placed upon the stand by the plaintiff (see *Murphy* v. *New York, N. H. & H. R. R. Co.*, 171 App. Div. 599, 604), the

answer is practical — and that is that a party should not be put upon such onerous horns of a dilemma during a jury trial. In the forensic battlefield of a contested trial, the contrast is striking in the effect on a jury between a witness whose answers are full and frank and a witness who refuses to answer or on whose behalf objection is made — whatever the merit of the basis for such refusal or objection. There is an understandable rapport begotten between witness and jury in the one case, while in the other there is a recognizably devastating adverse effect upon the witness' standing before the jury. To render that strategy efficacious which would facilitate the imposition of the dilemma would in most cases mean that the privilege might never remain inviolate. If a contrary rule were sanctioned, what would become of the privileges not alone of patient and physician, but also of client and lawyer, and of penitent and priest — for each of these is, with respect to waiver at least, on a par with the other (Civ. Prac. Act, § 354)? These ancient and sacred relationships are basic in our society and as such are worthy of judicial safeguard. I deem them too important to warrant ruthless dissipation of that protection.

The plaintiff also claims waiver before trial. When the defendant moved *pendente lite* for alimony and counsel fee, she presented her affidavit, in which she stated that she was examined by a physician, submitted herself to an operation, and as a result thereof was unable to bear children — of which facts she informed the plaintiff before their marriage. The memorandum decision of *Dollard* v. *Dollard* (257 App. Div. 836 [2d Dept.]) is cited by the plaintiff in support of this claim of waiver. The learned court there cited three cases, in each of which, however, the waiver was made in open court at the trial. I am not bound by that decision, and it seems to me that it appears not to have taken into consideration the specific provisions of section 354 of the Civil Practice Act to the effect that, where there is no stipulation, the privilege is not lost unless it be expressly waived by the patient " on the trial of the action " and, further, unless the waiver be made " in open court ".

The other points urged by the plaintiff in support of his motion need not be discussed here. Suffice it to say that no error has been pointed out which requires a new trial, and the motion must therefore be denied.