LAUREN C. HUGHES, as Administrator of the Estate of KATHRYN S. HUGHES, Deceased, Respondent, v. HELEN KACKAS et al., Appellants.
LAUREN C. HUGHES, Plaintiff, v. HELEN KACKAS et al., Defendants.

Third Department, April 10, 1957.

Lewis M. Mullarkey for appellants.
Chandler S. Knight for respondent.

GIBSON, J. Alleging special circumstances, defendants seek to take by deposition the testimony of a physician who attended plaintiff's intestate. Section 352 of the Civil Practice Act forbids the disclosure by a physician of information such as defendants would elicit. The Special Term correctly held that the fact that plaintiff had testified on an examination before trial, conducted at defendants' instance, did not effect a waiver.

The privilege remains inviolate unless '' expressly waived '', upon the trial or examination, by the patient or, if he is deceased, by his personal representative. (Civ. Prac. Act, § 354.) Implicit in the term is the necessity that the waiver be manifested by an act of volition. Thus, a party may waive the privilege '' either by his own testimony or by that of others given with his knowledge and consent ''. (*Capron* v. *Douglass,* 193 N. Y. 11, 17.) His own testimony or other act of disclosure may be minimal (see *Eder* v. *Cashin,* 281 App. Div. 456) but it must be voluntary (see *Apter* v. *Home Life Ins. Co.,* 266 N. Y. 333, 337) and is not of that nature if made when he is called by his adversary or becomes the latter's witness on cross-examination. (*Murphy* v. *New York, New Haven & Hartford R. R. Co.,* 171 App. Div. 599; *Vilardi* v. *Vilardi,* 200 Misc. 1043; 8 Wigmore on Evidence [3d ed.], § 2389, p. 833 [1955 supp.].) A waiver may arise by sufferance, as when a failure to object to the testimony of one attending physician will be deemed a waiver of the privilege surrounding that of another. This was the holding in *Strader* v. *Collins* (280 App. Div. 582) upon which appellants rely largely, but which does no more than exemplify the long-recognized doctrine of *Capron* v. *Douglass* (*supra*) as summarized above. Even the failure to object is by counsel's choice and decision and thus manifests, even though passively, a volition which is denied when the enforced examination is that of the party.

Clearly plaintiff's testimony upon the pretrial examination had here was obtained by compulsion and was not given of his volition, and hence its reception may not be deemed to have waived the privilege accorded the information acquired by the physician in his professional capacity.

The order should be affirmed.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order affirmed, with $10 costs.