■ KATHLEEN FOLEY, INC., Respondent, v. GULF OIL CORPORATION et al., Respondents, and SUNRISE UTILITIES, INC. et al., Appellants.— Appeal from

an order dated December 13, 1956 granting respondent's motion to vacate a notice dated November 15, 1956 to examine it before trial and from so much of an order dated January 3, 1957 as on reargument adhered to the original decision. Order dated January 3, 1957 modified by striking from the ordering paragraph "with $10.00 costs to the plaintiff", and by substituting therefor "to the extent of striking from said notice item '1' and by striking from the last paragraph of said notice 'and in particular copies of the Federal income tax returns of the plaintiff for the calendar years, 1952, 1953, 1954 and 1955'." As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellants. The examination is to proceed on 10 days' notice. This is an action brought to recover money damages in the sum of $150,000, alleged to have been sustained as a consequence of a conspiracy initiated in April, 1954 by the appellants and the defendants. It is alleged that the object of the conspiracy was to divert respondent's fuel oil customers to the appellant Sunrise Utilities, Inc., and to deprive the respondent of the profits on sales to such customers and of the good will of its business. In our opinion, appellants are entitled, under their general denial, to examine the respondent on items "2" and "3" set forth in the notice involved herein, namely, its earnings for three years prior to April, 1954 and its operation of the business subsequent to April, 1954. Under that general denial, the appellants are entitled to give such evidence as "legitimately tends to disprove the facts necessary to be established by the plaintiff" (*Molloy* v. *Village of Briarcliff Manor*, 217 N. Y. 577, 582; *Griffin* v. *Long Is. R. R. Co.*, 101 N. Y. 348, 353–354; *Greenfield* v. *Massachusetts Mut. Life Ins. Co.*, 47 N. Y. 430, 437). Since the essence of this action is the legal damage claimed by the respondent (*von Au* v. *Magenheimer*, 126 App. Div. 257, 262, affd. 196 N. Y. 510; *Werbelovsky* v. *Rosen*, 260 App. Div. 222, 226; *Rhodes* v. *Ocean Acc. & Guar. Corp.*, 235 App. Div. 340, 341; *Keviczky* v. *Lorber*, 290 N. Y. 297, 305–306; *Green* v. *Davies*, 182 N. Y. 499, 504), and since the burden of proof is not an indispensable requirement for the examination of an adverse party in a commercial matter (*Matter of Kahn*, 274 App. Div. 900; *Johansen* v. *Gray*, 279 App. Div. 108, 110), appellants, under their general denial, might properly seek evidence to controvert the general claim of damage which constitutes material and necessary matter in this case (cf. *Nicoll* v. *Columbia Broadcasting System*, 207 Misc. 388, 390-391; *Griffin Mfg. Co.* v. *Gold Dust Corp.*, 245 App. Div. 385; 1 McCullen on Examinations Before Trial [Rev. ed.], §§ 165, 441; Rules Civ. Prac., rule 121-a). In the light of the foregoing, appellants are properly entitled to inquire into the two general areas covered by items "2" and "3" since they each involve relevant facets of the claim of damage flowing from loss of profits and good will. In connection with the good will, inquiry into respondent's earnings for a period of three years antecedent to April, 1954 was proper (*von Au* v. *Magenheimer*, 115 App. Div. 84, 87; *Matter of Silkman*, 121 App. Div. 202, 218; *Matter of Seaich*, 170 App. Div. 686, 688, affd. 219 N. Y. 634; *Steinweg* v. *Epstein*, 152 Misc. 24, 29). In our opinion, the order appealed from properly vacated item "1" from the notice of examination. That item sought information as to the respondent's financial condition in April, 1954, and of its indebtedness to two named alleged creditors. Appellants contend that such evidence was necessary to establish an alleged agreement which ensued from such financial condition and indebtedness, pursuant to which respondent's business was to be liquidated. Proof of such facts will not tend to prove such agreement, the existence of which, in any event, was neither pleaded nor otherwise established by appellants by any affidavit descriptive of the nature, terms or other particulars thereof.

Under the circumstances, Special Term properly excised the requirement that respondent produce its Federal income tax returns since there is, as yet, no adequate showing that they would disclose any fact material or necessary to the prosecution or defense of the action (*O'Grady* v. *Burr*, 2 A D 2d 712). Appeal from order dated December 13, 1956 dismissed, without costs. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., concurs in the result.