■ CAROL GIAMANCO, Respondent, v PETER GIAMANCO, Appellant.—In a matrimonial action, the defendant husband appeals from a judgment of divorce of the Supreme Court, Queens County, dated January 20, 1976. Judgment reversed, on the law and the facts, without costs or disbursements, and new trial granted. The respondent wife's testimony, if believed in its entirety, is sufficient to establish that it would be improper or unsafe

to cohabit with the appellant husband (see Domestic Relations Law, § 170, subd [1]), since objective proof of physical or mental injury to the complaining spouse is a decisive basis for granting a divorce on the ground of cruel and inhuman treatment (see *Hessen v Hessen,* 33 NY2d 406; *Echevarria v Echevarria,* 40 NY2d 262). The record in this case, however, shows that there is serious doubt as to the credibility of the complaining witness, a doubt which should have been explored. Under these circumstances, it was an abuse of discretion on the part of the court not to enforce the subpoenas summoning plaintiff's doctors. In refusing to enforce the subpoenas for the doctors the court indicated that their treatment was privileged. In this the court was in error, for in testifying with regard to her medical condition and treatment on direct examination, respondent waived the invocation of the physician's privilege (see *Vilardi v Vilardi,* 200 Misc 1043; Richardson, Evidence [Prince, 10th ed], § 438). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.