■ STERI-TEX CORP., Respondent, v BEST MANUFACTURING, INC., Appellant, et al., Defendants.—Order unanimously modified, in accordance with memorandum, and as modified, affirmed, without costs. Memorandum: Plaintiff sues defendants for triple damages and costs totaling $760,000, alleging that defendants violated section 340 of the General Business Law by illegally conspiring to injure it in the pursuit of its business. Defendant Best appeals from the order of Special Term which granted plaintiff's motion striking some of Best's interrogatories, limited others and denied Best's cross motion for further answers to the two interrogatories that plaintiff did answer. A party is entitled to disclosure of evidence material and necessary to the prosecution or defense of the action, including information useful in sharpening the issues and reducing delay (CPLR 3101, 3131; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403) and there is no requirement that he use one disclosure device before another (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:2, p 8). We find no error with respect to the court limiting Interrogatory No. 1 to a period of one year with regard to customers solicited by plaintiff. The question goes solely to the scope of plaintiff's business contacts and reaches the question of damages only indirectly. The request for actual sales and leases, however, and the information requested in Interrogatory No. 2 dealing with the identity and number of representatives acting on behalf of plaintiff have a direct bearing on damages and we modify the court's order which limited the information sought to the period of one year and direct that the plaintiff supply answers to those parts of Interrogatories Nos. 1 and 2 for the period of five years as requested (see *Kathleen Foley, Inc. v Gulf*

*Oil Corp.,* 3 AD2d 928). Interrogatories Nos. 3 and 4 request information about the business relationship between plaintiff and Best, as claimed by plaintiff. We modify Special Term's order insofar as it struck Interrogatories Nos. 3 and 4 and direct plaintiff to submit answers to those interrogatories. Interrogatories Nos. 5 and 6 seek details of the alleged conspiracy. The interrogatories are not satisfied by the broad general allegations of the answer submitted by plaintiff on December 26, 1976. Best is entitled to full particulars of the claims of conspiracy that will be advanced by plaintiff at the trial (see *Dwyer v Byrne,* 280 App Div 832, mod 280 App Div 864). Insofar as the answer to Interrogatory No. 6 incorporated the broad general-ized answer to Interrogatory No. 5, it is insufficient. Special Term's order is modified by granting Best's cross motion and directing that plaintiff give further answers to Interrogatories Nos. 5 and 6. (Appeal from order of Monroe Supreme Court—interrogatories.) Present—Moule, J. P., Carda-mone, Simons, Hancock, Jr., and Denman, JJ.