■ STERI-TEX CORP., Respondent, v BEST MANUFACTURING, INC., Appellant, et al., Defendants.—Order unanimously affirmed, with costs. Memorandum: Special Term conditionally granted plaintiff's motion to strike defendant's answer unless defendant submitted to an examination before trial within 45 days and denied defendant's cross motion to dismiss the complaint, which alleged a conspiracy to monopolize. Defendant's cross motion was based upon plaintiff's failure to comply with an order of this court dated November 4, 1977 (59 AD2d 1012) directing that plaintiff answer specified interrogatories. Defendant contends that the interrogatories should be answered by plaintiff before plaintiff proceeds with the examination of defendant and that Special Term in effect improperly modified our prior order. Plaintiff, on the other hand, claims that it needs to examine defendant in order to answer the interrogatories. Insofar as interrogatories elicit details concerning plaintiff's allegations, they are similar to a bill of particulars (3A Weinstein-Korn-Miller, NY Civ Prac, par 3130.03). We have held that "Where much of the information which a party needs to prepare his bill of particulars is within the knowledge of the other party, it is futile to require service of the bill before completion of the examination before trial" *(Matter of Reynolds,* 38 AD2d 788, 789). Moreover, priority of discovery devices, as with other matters relating to pretrial proceedings, is left largely to the discretion of the trial court *(Rochester Radio Supply Co. v State of New York,* 43 AD2d 897, 898) and we find no abuse of that discretion here. Finally, Special Term did not modify our order inasmuch as it expressly provided that plaintiff is under a continuing duty to supplement its answers to the interrogatories. (Appeal from order of Monroe Supreme Court—strike answer.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD C. DAVIS, Appellant. (Appeal No. 1.)—Judgment unanimously reversed and matter remitted to Supreme Court, Erie County, for further proceedings. Memorandum: The necessary basis for the acceptance of an *Alford* plea was not spread upon the record *(North Carolina v Alford,* 400 US 25). (Appeal from judgment of Erie Supreme Court—petit larceny.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.