■ PHILIP CHERCHIO, as Parent and Natural Guardian of LISA CHERCHIO, an Infant, Appellant, v RALPH D. ALLEY et al., Respondents. — Per Curiam. Appeals (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered April 2, 1984 in Albany County, which, *inter alia,* denied plaintiff's cross motion for leave to serve an amended complaint, and (2) from an order of said court, entered July 17, 1984 in Albany County, which denied plaintiff's motion for leave to reargue and/or renew said motion.

This medical malpractice action was commenced on April 15, 1977. Defendants answered and obtained a conditional order of preclusion requiring plaintiff to submit a bill of particulars. When plaintiff failed to comply, defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved, seeking denial of defendants' motion along with leave to serve an amended complaint which included a derivative cause of action. By order dated May 5, 1979, Special Term (Miner, J.), relieved plaintiff of his default and granted additional time to serve a bill of particulars. Special Term denied plaintiff permission to add a derivative cause of action. No appeal was taken. Nearly four years later, defendants moved for permission to amend their

answers to include certain affirmative defenses. Plaintiff again cross-moved for permission to add a derivative cause of action. The motions came on before a different Supreme Court Justice (Cholakis, J.), the former Justice having been appointed to the Federal Bench. Special Term granted defendants' motion and denied plaintiff's cross motion on the ground that the prior decision was the law of the case on this issue. Plaintiff then moved for reargument and/or renewal, which motion was denied by the same Justice. Plaintiff now appeals from these latter two orders.

On appeal, plaintiff seeks to have this court review the propriety of Justice Miner's original order. It is true, of course, that, in ruling on an appeal properly before this court, we are not bound by a prior decision of a Supreme Court Justice under the doctrine of law of the case (*Wolfe v Samaritan Hosp.*, 104 AD2d 143, 145-146; *Burgundy Basin Inn v Watkins Glen Grand Prix Corp.*, 51 AD2d 140, 143). However, it is essential that the appeal be properly before this court; if not, jurisdiction is lacking.

Since plaintiff's cross motion to Justice Cholakis was simply a repeat of his cross motion to Justice Miner, it was, in fact, a motion for reargument. This is true despite the fact that transfer pursuant to CPLR 2221 was no longer possible. An order denying a motion for reargument is not appealable (*Salisbury v Smith*, 99 AD2d 581). Therefore, unlike the above-cited cases, these appeals are not properly before us (*Wolfe v Samaritan Hosp., supra* [appeal from final judgment raises interlocutory orders which necessarily affect judgment]; *Burgundy Basin Inn v Watkins Glen Grand Prix Corp., supra* [appeal from order granting defendant's motion to dismiss certain repleaded causes of action on ground that they were essentially the same as those previously dismissed]). To hold otherwise would permit a party to extend the time to take an appeal indefinitely by simply remaking an unsuccessful motion before a different Justice (*see,* Siegel, NY Prac § 254, at 314 [1978]). In order to seek appellate review of Justice Miner's order, plaintiff's remedy was to timely appeal therefrom or to await final judgment and, if aggrieved, raise such issue on an appeal from the judgment (CPLR 5501 [a] [1]).

Appeals dismissed, with costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.