■ JEROME L. LA FAVE, Appellant, v CLARENCE MCDONALD, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered April 30, 1984 in Saratoga County, which denied plaintiff's motion to compel disclosure.

Plaintiff, injured in a one-vehicle accident in Clinton County, brought suit against defendant on the ground that the latter had been driving plaintiff's vehicle, in which plaintiff was a passenger, in a negligent manner. Defendant denies that he was the operator. Apparently, as a result of the accident, plaintiff has no memory of events occurring immediately before the mishap and for several days thereafter. Although the notice was not made part of the record, it appears that, during discovery, plaintiff gave defendant notice requesting duly executed authorizations enabling plaintiff to obtain and copy defendant's hospital and medical records relating to the injuries that defendant incurred in the accident. According to the affidavit of plaintiff's attorney, this information was needed to enable an accident reconstruction expert to predict defendant's location in the vehicle at the time of the accident. Asserting the physician-patient privilege, defendant refused to execute the authorizations. Plaintiff's motion to compel disclosure was denied and this appeal followed.

Since defendant has never asserted his physical condition as a defense or counterclaim, he has not put his physical condition in controversy and, hence, has not waived the physician-patient privilege (*Koump v Smith*, 25 NY2d 287). We are not unmindful that certain portions of these records are discoverable, particularly those containing information not necessary for the treatment of defendant's injuries (*e.g.*, whether defendant informed medical or hospital personnel that he was driving). However, plaintiff's request is overly broad for it seeks to have defendant produce all of his medical and hospi-

tal records. Accordingly, in affirming Special Term's order, we note that it is without prejudice to plaintiff being allowed to submit a more specific notice of disclosure (CPLR 3102 [b]), one closely tailored to the discovery of material not within defendant's physician-patient privilege.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.