MILLA H. ISEMAN et al., Respondents, v DELMAR MEDICAL-DENTAL BUILDING, INC., Appellant, et al., Defendants. (And a Third-Party Action.)

Third Department, December 5, 1985

## APPEARANCES OF COUNSEL

*Lyons & Duncan (Condon A. Lyons* of counsel), for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore (Verle L. Johnston, Jr.,* of counsel), for respondents.

### OPINION OF THE COURT

HARVEY, J.

On September 9, 1977, plaintiff Milla H. Iseman (hereinafter plaintiff) fell down an interior flight of stairs in a building owned by defendant Delmar Medical-Dental Building, Inc. (hereinafter defendant), sustaining injuries to her head, neck, right hip and left leg. She then commenced this action against defendant and others to recover damages allegedly incurred as a consequence of their negligence. Plaintiff's husband also filed a derivative claim for loss of services.

Claiming plaintiff's defective eyesight as a possible cause of the accident, defendant moved pursuant to CPLR 3121 (a) for an order directing plaintiff to submit to an eye examination by an ophthalmologist. Plaintiff moved for a protective order (CPLR 3103), which was granted by Special Term. Defendant's appeal from that decision was dismissed because it was not timely perfected. Defendant then served a notice to take the deposition of plaintiff's treating ophthalmologist (CPLR 3101, 3107). Plaintiff again moved for a protective order which was granted by Special Term. Defendant appeals.

Plaintiff raises the threshold contention that defendant is foreclosed from contesting Special Term's grant of plaintiff's second CPLR 3103 motion. Defendant first sought to compel plaintiff to submit to examination by an ophthalmologist of its

choice (CPLR 3121). In the motion involved in this appeal, defendant was not permitted to depose plaintiff's treating ophthalmologist (CPLR 3101 [b]; 3107). Special Term's denial of defendant's attempt at discovery under CPLR 3121 does not require denial of defendant's attempt to depose plaintiff's ophthalmologist pursuant to CPLR 3107 *(see, Nersesian v Humane Socy.,* 29 AD2d 1020). The discovery devices are independent of each other and more than one may be employed against the same party, as limited by the court *(All N. Y. Auto Corp. v Renault, Inc.,* 15 AD2d 467; *see, Steri-Tex Corp. v Best Mfg.,* 59 AD2d 1012; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:2, pp 8-9).

We find that Special Term properly vacated defendant's notice to take a deposition from plaintiff's ophthalmologist. CPLR 3101 defines the scope of disclosure for the various discovery devices provided by CPLR article 31. It provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101 [a]). Where, however, the matter sought by disclosure is of a privileged nature, it "shall not be obtainable", upon objection by the party protected by the privilege (CPLR 3101 [b]). CPLR 4504 establishes a physician-patient privilege which, "[u]nless the patient waives the privilege", precludes the physician from disclosing any information which he acquired in treating the patient and of which it was necessary for him to have knowledge in rendering treatment.

The liberal disclosure provisions contained in CPLR 3101, which allow disclosure of evidence despite the fact that it may be inadmissible at trial, do not circumscribe the scope of the physician-patient privilege *(Greene v New England Mut. Life Ins. Co.,* 108 Misc 2d 540, 542). Only the party protected by such a privileged relationship can waive the protection of that privilege *(Prink v Rockefeller Center,* 48 NY2d 309, 314-315). Waiver by a privileged plaintiff may be accomplished by express consent or indirectly by commencing a personal injury action which affirmatively places the physical or mental condition in controversy *(Prink v Rockefeller Center, supra,* p 316; *Hughson v St. Francis Hosp.,* 93 AD2d 491, 500). These rules also apply to the physician-patient privilege of a defendant who has affirmatively asserted his or her physical or mental condition as a defense to an action *(Koump v Smith,* 25 NY2d 287, 294; *see, Prink v Rockefeller Center, supra,* p 316).

Waiver "[a]lmost invariably" occurs in personal injury actions since the proof in such cases includes the nature and extent of a plaintiff's injuries *(Hughson v St. Francis Hosp., supra,* p 500). The scope of the waiver is limited, however, and does not permit wholesale discovery of information regarding the protected party's physical or mental condition. The waiver of the physician-patient privilege made by a party who affirmatively asserts a physical condition in its pleading does not permit discovery of information involving unrelated illnesses and treatments *(Josephs v Oliver,* 48 AD2d 688; *Gorman v Goldman,* 36 AD2d 767; *Fedell v Wierzbieniec,* 127 Misc 2d 124, 126; *see, Koump v Smith, supra,* p 295).

Waiver not only occurs when a party asserts a physical condition in a claim or as a defense, but also when a party *voluntarily* and *affirmatively* inserts the issue of a physical or mental defect or condition into the litigation in trial testimony, pretrial testimony or written matter *(Prink v Rockefeller Center, supra,* p 316; *Koump v Smith, supra,* p 294; Richardson, Evidence § 438, at 431 [Prince 10th ed]). Waiver of the protection of the privilege may also occur when a party fails to assert the privilege by objecting to the disclosure of privileged information *(Hughson v St. Francis Hosp., supra,* p 500).

In the instant case, there was no waiver by plaintiff of her physician-patient privilege with respect to information obtainable from her ophthalmologist. She asserted the privilege in the papers which accompanied her motion made pursuant to CPLR 3103 which sought denial of defendant's attempt to depose her ophthalmologist *(see, Kiefer v Mather Mem. Hosp.,* 93 AD2d 856). Nowhere in the record is there any indication that plaintiff has asserted a claim for damages as a result of injury to her eyes or eyesight. Furthermore, the privilege extends to pretrial matters, and plaintiff's response to questions posed by her adversary at an examination before trial does not constitute voluntarily disclosing privileged information so as to warrant defendant's entitlement to depose her personal physician *(Hughes v Kackas,* 3 AD2d 402; 1 Mottla, New York Evidence § 392, at 364-366 [2d ed]; Richardson, Evidence § 438, at 431 [Prince 10th ed]; *see, Giamanco v Giamanco,* 57 AD2d 564, 564-565; *but cf. Herbst v Bruhn,* 106 AD2d 546, 548). For that reason, we adhere to the principle laid down by this court in *Hughes v Kackas (supra)* that a party's privilege is not waived by statements made by the privileged party which are not of his own volition.

KANE, J. P. (dissenting). Although we agree with the majority's finding that defendant Delmar Medical-Dental Building, Inc. (hereinafter defendant), is not foreclosed from contesting the order appealed from *(see, Cherchio v Alley,* 111 AD2d 541, 542; *De Ronda v Greater Amsterdam School Dist.,* 91 AD2d 1088, 1090), in our opinion plaintiff Milla H. Iseman (hereinafter plaintiff) has waived her physician-patient privilege.

It is well settled that a person waives the physician-patient privilege when he puts his physical condition in controversy or voluntarily discloses or testifies to the details of his condition (Richardson, Evidence § 437, at 430-431 [Prince 10th ed]). In the instant case, defendant asserts that plaintiff's eye condition contributed to her fall. In this regard, at an examination before trial, plaintiff testified that she suffered from glaucoma and that she put drops in her right eye on the morning prior to her fall. Defendant has submitted an attorney's affidavit, pictures of the scene, the deposition of plaintiff and excerpts from a medical text. The above has substantiated and given credence to defendant's claim so as to put plaintiff's eye condition in controversy *(see, Koump v Smith,* 25 NY2d 287).

Additionally, we find that plaintiff waived her physician-patient privilege when she voluntarily testified about her glaucoma condition at the examination before trial *(see,* Richardson, Evidence § 438, at 431 [Prince 10th ed]; Fisch, New York Evidence § 553, at 370-371). Thus, a deposition of plaintiff's ophthalmologist should be allowed since it is evidence which is material and necessary *(see, Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403).

We would therefore reverse Special Term's order and deny plaintiffs' motion.

WEISS and YESAWICH, JR., JJ., concur with HARVEY, J.; KANE, J. P., and LEVINE, J., dissent and vote to reverse in an opinion by KANE, J. P.

Order affirmed, with costs.