◼ DONALD R. DILLENBECK, as Administrator of the Estate of TONIA L. DILLENBECK, Deceased, et al., Appellants, v SHERRY L. HESS et al., Respondents, et al., Defendant.—Yesawich, Jr., J.

Tonia L. Dillenbeck was killed and her son, plaintiff Michael C. Dillenbeck, was seriously injured when their vehicle collided with one driven by defendant Sherry L. Hess. In their complaint, plaintiffs allege that Hess' intoxication, said to have been negligently and illegally facilitated by the other defendants, who are owners and operators of taverns where Hess had been drinking alcoholic beverages prior to the accident, was a proximate cause of the accident. Hess, who was hospitalized immediately following the occurrence, claims to have no memory of the incident. In her answer she denied the material allegations of the complaint and affirmatively asserted the defenses of comparative negligence and failure to wear available seat belts.

Plaintiffs moved, pursuant to CPLR 3121, for an order compelling Hess to furnish a written authorization enabling them to obtain and make copies of her medical records, including the results of any blood alcohol test administered upon her arrival at the hospital. Hess objected and successfully cross-moved for an order of protection based upon the physician-patient privilege *(see,* CPLR 4504). Plaintiffs appeal; we affirm.

It is plaintiffs' contention that Hess, who was convicted of criminally negligent homicide following the incident, waived or forfeited her physician-patient privilege by affirmatively

putting her physical condition in issue in that she elected to drive after being "shut off" by the bartender, although having voluntarily brought about her own debility by consuming 13 shots of alcohol, and by reason of the fact that she was denied no-fault insurance benefits. While Hess' physical condition, in particular her blood alcohol content at the time of the accident, is undeniably in issue, it is settled, we think, that where, as here, the defendant simply denies being intoxicated, the physician-patient privilege must be recognized *(see, Koump v Smith,* 25 NY2d 287, 294). Plaintiffs also argue that Hess' assertion that she suffers from retrograde amnesia regarding the events surrounding the accident effects a waiver of the privilege. However, Hess does not claim that amnesia excuses her conduct nor is she seeking to recover damages for that condition; accordingly, facts constituting a waiver by Hess have not been shown *(see, La Fave v McDonald,* 112 AD2d 669; *see also, Iseman v Delmar Medical-Dental Bldg.,* 113 AD2d 276, 279).

Order affirmed, without costs. Yesawich, Jr., Levine and Harvey, JJ., concur.

Casey, J. P., and Mercure, J., dissent and vote to reverse in a memorandum by Casey, J. P. Casey, J. P. (dissenting). At issue on this appeal is whether, in a negligence action arising out of a motor vehicle accident, defendant Sherry L. Hess, who denies plaintiffs' allegation that her intoxication caused or contributed to the accident and who claims to have no memory of how many drinks she had prior to the accident or how the accident occurred, can assert the physician-patient privilege to prevent disclosure of relevant and material evidence in hospital records, despite plaintiffs' submission of evidentiary matter establishing that she had consumed a substantial quantity of alcohol during the hours preceding the accident. Relying upon *Koump v Smith* (25 NY2d 287), the majority answers this question in the affirmative. We disagree.

The holding in *Koump v Smith (supra),* as limited by the facts of the case, is a narrow one: when a defendant merely denies an allegation of intoxication and, in support of a request to inspect defendant's hospital records, the plaintiff submits only the pleadings and an attorney's affidavit containing hearsay and conclusory statements, disclosure of the hospital records will be barred by the defendant's assertion of the physician-patient privilege *(supra,* at 299). The decision also contains substantial dictum, the scope and intent of which is subject to conflicting interpretations. At least one commentator has interpreted the *Koump* case as establishing the princi-

ple that waiver of the physician-patient privilege cannot occur where a defendant merely denies an allegation concerning his physical or mental condition (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.01). Another commentator, however, believes that the *Koump* case did not resolve the issue where it is clear that the party seeking disclosure "is not on the proverbial 'fishing expedition,' but has solid grounds for placing the defendant's condition in issue" (McLaughlin, 1970 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4504 [1988 Supp Pamph], at 311).

At the heart of the controversy is the following paragraph in the *Koump* decision *(supra,* at 294): "We do not hold that the privilege is waived. *whenever* a party defends an action in which his mental or physical condition is in controversy. The rule laid down today is limited to cases in which a defendant affirmatively asserts the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff. Thus in the instant case where defendant has simply denied the allegation of the complaint, the privilege should be recognized" (citation omitted) (emphasis in original). It is significant that the Court of Appeals used the phrase "the privilege should be recognized"; the court did not state that the privilege must prevail or that disclosure must be barred. It is also significant that, after making the statements quoted above, the court continued with an extended discussion of the quantity and quality of a plaintiff's proof in support of the allegation denied by the defendant, concluding with procedural and substantive guidelines to be followed in determining whether a defendant's physical or mental condition is in controversy *(supra,* at 295-300). If the court had intended the physician-patient privilege to prevail in any case where a defendant merely denies a plaintiff's allegations, there would have been no need for this extended discussion *(see, supra,* at 300-301 [Bergan, J., concurring]). For the same reason, it is also noteworthy that the court permitted the plaintiff to renew the application for inspection of a defendant's hospital records "upon a proper showing" *(supra,* at 301).

The apparent inconsistencies can, in our view, be reconciled under the following analysis. Where any party, including a defendant, puts their mental or physical condition in controversy by affirmatively asserting that condition in a claim, counterclaim or defense, that party waives the physician-patient privilege and the privilege will not be recognized; no further inquiry on that issue is necessary *(see, supra,* at 294). Where, however, a defendant simply denies an allegation in

the plaintiff's complaint concerning the defendant's mental or physical condition, the physician-patient privilege will be recognized *(supra,* at 294) if the defendant moves for a protective order and meets his burden of showing that the privilege applies to the requested information *(supra,* at 299). Upon such a motion, the burden then shifts to the plaintiff to submit "evidentiary matter" which is "sufficient to support a conclusion that the defendant's physical condition is in controversy" *(supra,* at 300). If the plaintiff fails to meet this burden, an order denying the plaintiff's application for written authorization to inspect the defendant's hospital records will be affirmed, but the plaintiff may be permitted to make a new application "upon a proper showing" *(supra,* at 301). The obvious corollary to this latter conclusion is that if the plaintiff meets his burden of establishing that the defendant's physical condition is in controversy, the plaintiff's request for authorization to inspect the defendant's hospital records should be granted.

Application of the foregoing analysis to this case leads to the conclusion that Supreme Court's order should be reversed and plaintiffs' motion for discovery granted. Plaintiffs submitted evidentiary matter, including affidavits from persons stating that they saw Hess consume a substantial number of alcoholic beverages during the hours preceding the accident, establishing that Hess' intoxication is genuinely in controversy and, therefore, the physician-patient privilege has been waived. This approach represents a rational construction of the *Koump* case and permits disclosure of relevant and material information, while protecting a defendant's medical records from the proverbial fishing expedition.