■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORRIS, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered October 28, 1987, upon a verdict convicting defendant of two counts of the crime of criminal possession of a forged instrument in the second degree.

Defendant and two others, Debra Cutts and Nelson Estrella, without authorization from the owner, used the latter's credit card to purchase merchandise at two different department stores. In both instances, Cutts signed the credit card receipts.

Called as a prosecution witness, Cutts testified at trial that defendant and Estrella coerced her into signing the receipts. At the outset, we note that the evidence adduced at trial more than amply justifies the jury's verdict.

The crux of defendant's appeal is that County Court committed reversible error in not ordering the People to disclose Cutts' presentence report, and further that he was denied a fair trial because of various other errors committed during the trial.

Since Cutts had pleaded guilty several months earlier to two counts of criminal possession of a forged instrument, defendant sought disclosure of Cutts' presentence report, particularly her version of the facts respecting defendant's participation in the credit card transactions underlying defendant's prosecution, as *Rosario* material *(see,* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). In our view, disclosure was rightly denied for Cutts' presentence report was confidential information which was not within the possession or control of the People and hence did not constitute *Rosario* material *(see,* CPL 390.50 [1]; *People v Tissois,* 72 NY2d 75, 78; *People v Fishman,* 72 NY2d 884, 886).

The grounds for the contention that defendant was not afforded a fair trial are that County Court (1) incorrectly denied defense counsel the opportunity to review Cutts' psychiatric records, (2) improperly included in its preliminary instructions to the jury the elements of the crime defendant was charged with committing, (3) admitted evidence of defendant's prior uncharged crime, namely, that defendant had unlawfully taken the preapproved credit card from the owner's mailbox, without holding a *Ventimiglia* hearing, and (4) made an adverse evidentiary ruling respecting the admission, over defendant's hearsay objection, of bank credit card records, an insubstantial irregularity not meriting comment. Although errors occurred, their effect even cumulatively considered does not warrant a new trial.

It is true, as defendant maintains, that Cutts waived her physician-patient privilege (CPLR 4504 [a]) by testifying extensively about the medication she was taking *(see, Giamanco v Giamanco,* 57 AD2d 564, 565). And when "a primary prosecution witness is shown to have suffered from * * * an ongoing mental illness, the defense should be afforded an opportunity to show that the witnesses capacity was impaired by these conditions" *(People v Walker,* 116 AD2d 948, 951, *lv denied* 67 NY2d 952). Here, however, County Court's error in quashing defendant's subpoenas duces tecum, directed at obtaining

Cutts' psychiatric records, was harmless given the other, overwhelming evidence of defendant's guilt *(see, People v Finch,* 57 AD2d 641, 642). It is also noteworthy that her testimony was sufficiently confused that even the prosecution, on summation, downgraded its worth.

With regard to the propriety of County Court's preliminary general instructions to the jury, it has been observed that such instructions "should not include an outline of the elements of the crime charged" (Preiser, 1986 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.40 [1989 Pocket Part], at 219). However, in the case at hand, unlike *People v Townsend* (67 NY2d 815, 816), the court did not present the jurors with an outline of the elements of the crime which could serve "as a checklist against which jurors could measure the evidence as it came in" thus risking "piecemeal, premature analysis of the evidence" *(People v Townsend, supra,* at 817), but merely quoted verbatim from the Penal Law. Moreover, the jury was specifically admonished to wait until it had heard all the evidence before forming any opinion.

County Court should have conducted a *Ventimiglia* hearing prior to allowing Cutts to testify on the People's direct case that defendant misappropriated the credit card in question *(see, People v Ventimiglia,* 52 NY2d 350, 362). But this oversight is not fatal for, although Cutts' testimony is obviously prejudicial to defendant, it is both relevant and probative of the fact of his knowledge that the credit card was stolen and that she was not authorized to sign for the purchases *(see, People v Molineux,* 168 NY 264, 293); even more significant, that testimony was an "important link in the chain of evidence necessary to prove" the crime charged *(People v Colon,* 138 AD2d 392, *lv denied* 72 NY2d 956). Inasmuch as the probative value of Cutts' testimony exceeded its prejudicial potential, failure to follow the *Ventimiglia* procedure does not necessitate reversal.

Lastly, defendant maintains he was wrongly sentenced as a predicate felony offender in that the special information charging him as a predicate felon failed to identify the dates of the commencement and termination of his prior incarceration (CPL 400.21); we are unconvinced. When, as in this instance, a defendant's prior felony conviction occurs outside the 10-year limit found in Penal Law § 70.06 (1) (b) (iv) and (v), proof as to the period of defendant's confinement is indeed required. That requirement, although not strictly met, has been satisfied *(cf., People v Bouyea,* 64 NY2d 1140, 1142). The

People submitted a sworn statement by the custodian of records at the Albany County Sheriff's Department, in addition to a pedigree sheet and logbook entries. Furthermore, the People amended the special information to reflect both the date of defendant's prior sentencing and the number of days of incarceration. Finally, defendant admitted that he was the person indicated in the special information and that he was not controverting the constitutionality of his prior conviction.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.