■ OPPENHEIMER & Co., INC., Appellant-Respondent, v OPPENHEIM, APPEL, DIXON & Co., Respondent-Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered September 17, 1990, which denied plaintiff's motion for summary judgment (CPLR 3212) dismissing a counterclaim and certain affirmative defenses of defendant premised on alleged fraud, and denied defendant's cross-motion for summary judgment dismissing the complaint, and for leave to amend its answer to include counterclaims for rescission and to assert two affirmative defenses based upon mutual and unilateral mistake, unanimously modified on the law to the extent of granting plaintiff's motion for summary judgment dismissing defendant's counterclaim and third and fourth affirmative defenses, and otherwise affirmed without costs. The appeal from that part of the order which denied defendant's motion for "leave to renew its prior motion for summary judgment" is dismissed as nonappealable as it was in essence a denial of reargument.

In 1986, plaintiff, a large stock brokerage house, moved to a new building constructed by Olympia & York Org. ("O&Y"). O&Y promised to indemnify plaintiff if it could not sublease its prior space at One New York Plaza which it had occupied since 1968 (floors 31 through 33). Defendant, which had already leased space on the 29th floor of One New York Plaza, was interested in leasing the 33rd floor from plaintiff. Defendant would only lease that floor on the condition that the prime landlord would agree to a telephone communication linkage system between the 29th and 33rd floors. Other conditions were that plaintiff had to secure the prime landlord's consent to defendant as a subtenant and that defendant had to submit plans for the linkage system. There were specific dates set for compliance with all conditions and if these dates were not met, the agreement to sublease would be self terminating. Any modification of the agreement had to be in writing.

The sublease attached to the agreement contained disclaimers by plaintiff of responsibility for the 33rd floor's compliance with regulations governing its physical condition. Thus, defendant agreed to take the premises "as is."

Both plaintiff and defendant had, on more than one occasion, extended the agreement's deadlines. However, the final deadline for providing the prime landlord's consent was not met by plaintiff. Plaintiff asserts that it could have met the deadline, but was induced into delaying the landlord's consent for the benefit of defendant.

Thereafter, defendant notified plaintiff that the agreement was invalid since plaintiff failed to deliver the prime landlord's consent on time. The instant action was then commenced.

Upon defendant's motion to dismiss the complaint and for summary judgment, the IAS court, *inter alia,* dismissed the claims of fraud but denied the summary judgment motion. Several years later defendant, by permission, amended its answer to include a counterclaim alleging that plaintiff defrauded it by not disclosing the existence of an alleged violation of Local Law No. 5 on the 33rd floor during the negotiation of the agreement. Defendant also added two new affirmative defenses based on fraud.

Plaintiff moved for summary judgment dismissing defendant's counterclaim and the two new affirmative defenses. Defendant cross-moved to further amend its answer and to renew its prior motion for summary judgment. The IAS court denied all requested relief.

Initially, we note that the denial of defendant's "renewal" of its summary judgment motion dismissing the complaint is not appealable. *(See, Cherchio v Alley,* 111 AD2d 541, 542.) The "renewal" motion was, in essence, a reargument motion since it was only a reprise of the unsuccessful, prior motion for the same relief. There was essentially no new evidence offered on the later motion, defendant having submitted its prior briefs on the "renewal" motion and noting that it would rely on them.

Summary judgment dismissing defendant's counterclaim and third affirmative defense should have been granted. Defendant contends that plaintiff fraudulently failed to disclose that there were Local Law No. 5 violations on the 33rd floor. However, not only are these claims of fraud precluded by the various specific disclaimers contained in the sublease *(see, Danann Realty Corp. v Harris,* 5 NY2d 317), the record does not demonstrate that plaintiff acted fraudulently. Plaintiff never made any affirmative misrepresentations nor was there a duty to speak. In fact, the record reveals that plaintiff was unaware of defendant's mistaken belief with regard to Local

Law No. 5 (indeed, defendant did not raise this issue until several years after the action was begun), and that when defendant did ask questions in regard to that regulation, plaintiff answered them honestly. In any event, documents concerning the floor's compliance with the regulation were a matter of public record.

Defendant's fourth affirmative defense, which asserts that plaintiff fraudulently induced the prime landlord to consent to defendant's subtenancy and thereby excused any breach by plaintiff is also dismissed. This claim is based on the rule that a party who resorts to illegal conduct in accomplishing the performance of a contract "will be denied recovery even on a contract valid on its face". *(McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465, 471.) However, plaintiff never defrauded the prime landlord by not disclosing a term and condition of the agreement between plaintiff and defendant. In fact, that agreement was never disclosed to the prime landlord since the prime lease does not require disclosure of such agreements under the circumstances. Moreover, even if the prime lease were breached such a breach would not rise to the level of misconduct which warrants the penalty defendant proposes.

We have considered all other claims and find them to be meritless. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.