Massoumi v Ganju

2026 NY Slip Op 02208

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Cyrus Massoumi, Plaintiff-Appellant,

v

Nikhil Ganju, et al., Defendants-Respondents.

Decided and Entered: April 14, 2026

Index No. 654289/20|Appeal No. 5942|Case No. 2024-07636|

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ.

Williams & Connolly LLP, New York (John S. Williams of counsel), for appellant.

Orrick, Herrington & Sutcliffe LLP, New York (Christopher J. Cariello of counsel), for respondents.

[*1]

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered November 20, 2024, dismissing the complaint, and bringing up for review an order, same court and Justice, entered July 12, 2024, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's motion for partial summary judgment, unanimously affirmed, with costs.

Plaintiff Cyrus Massoumi alleged that defendants Oliver Kharraz, Nettana Samroengraja, and Nikhil Ganju committed fraud in advance of a board meeting that resulted in plaintiff's ouster as Chief Executive Officer of Zocdoc, Inc. Like plaintiff, defendants Kharraz and Samroengraja occupied roles both on the board of directors and in the company's senior management. Ganju was not a member of the board but worked with senior management in his capacity as a company employee with the title of "Founder." In advance of the board meeting, plaintiff conveyed to defendants the expectation that the meeting would focus on product and marketing. Plaintiff, defendants, and other employees prepared presentation materials and conducted dry-run meetings in accordance with plaintiff's vision. The actual meeting did not go as plaintiff planned. Instead, the board announced a leadership review, appointed new officers, amended the company's bylaws, and put plaintiff on administrative leave, ultimately resulting in his removal.

Plaintiff proffered three incidents to support his allegations of fraud: (1) Kharraz's email of "sounds good" in response to plaintiff's proposed presentation topics circulated to senior management for the upcoming board meeting; (2) Samroengraja's forwarding of a PowerPoint presentation titled "final" and an agenda the day before the meeting; and (3) all defendants' attendance and participation in the dry-run rehearsals in preparation for the meeting.

Although half-truths and misleading partial disclosures can support a fraud claim (see DIRECTV, LLC v Nexstar Broadcasting, Inc., 199 AD3d 561, 562 [1st Dept 2021]), plaintiff casts these three incidents as actionable misrepresentations rather than omissions. For this framing to adequately support his claim, however, the communicative content of these incidents must have been untrue as to the subsequent injurious actions of the board at the meeting. Notwithstanding plaintiff's protestations to the contrary, the record does not present a triable issue of fact, as the incidents carried no such content and there was no showing of a duty to disclose under the circumstances (see Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491, 492 [1st Dept 2006]; Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 173 AD2d 203, 204 [1st Dept 1991]; see also J.A.O. Acquisition Corp. v Stavinsky, 8 NY3d 144, 148-149 [2007]).

[*2]

On its face, a responsive email stating solely "sounds good" is merely an acknowledgement. Likewise, an internal document labeled "final" sent in an otherwise contentless email does not, on its own, amount to a promise or warranty. Finally, the record lacks support for actionable misrepresentations constituting fraud in defendants' participation in the preparatory meetings as employees of the company (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559-562 [2009]).

As members of Zocdoc's board of directors, defendants' duty was to Zocdoc and its shareholders, and they were not required to forewarn plaintiff that his possible termination would occur at the board meeting (see Klaassen v Allegro Dev. Corp., 106 A3d 1035, 1043-1044 [Del 2014]; Benihana of Tokyo, Inc. v Benihana, Inc., 891 A2d 150, 191 [Del Ch 2005], affd 906 A2d 114 [Del 2006]). Accordingly, plaintiff cannot claim that he was justified in concluding that directors would not discharge these duties. Supreme Court thus properly granted defendants' motion for summary judgment dismissing the complaint.

Given these determinations, we need not reach the parties' arguments about the nature of plaintiff's alleged damages.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026