OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant and his codefendant, Bernard Graves, were convicted after a jury trial of felony murder for shooting a limousine driver during a robbery. Much of the case against defendant consisted of statements he and Graves made admitting that they had participated in the robbery and had shot the driver. The defense claimed that the statements were made involuntarily and attacked the credibility of the witnesses who claimed to have heard them.
At the beginning of trial, the court delivered preliminary instructions giving the jury an overview of trial procedure and explaining the jury’s basic functions and duties. In addition, the court read the elements of the crimes with which defendants were charged, including murder in the second degree, felony murder and robbery in the first degree. At defendant’s request, the Trial Judge also described the elements of defendant’s affirmative defense to the felony murder charge. No objection was made to the oral instructions. The court then presented each juror with written instructions outlining the elements of the charged offenses and the affirmative defense, explaining that the written instructions were only an aid to assist the jury in placing the testimony in context, and en *817 couraging the jurors to refer to the instructions during the course of trial. Both sides objected to the written instructions.
At the conclusion of trial, the court dismissed all charges against defendant except for the felony murder count, charged the jury as to all aspects of the case — including, for the first time, the hotly disputed issues of voluntariness and credibility —and collected all copies of the previously distributed pretrial instructions.
Laudatory though the objective of enhancing jury understanding may be, and as desirable as preliminary general instructions are (see, CPL 270.40), the court’s distribution of a written outline of elements of the charges in this case constituted error. An evaluation of the sufficiency of the evidence presented should be made only when the jurors retire to deliberate, after summation by counsel and charge by the court. By permitting, even encouraging, the jurors to refer to the written outline during trial, the court invited piecemeal, premature analysis of the evidence. The court’s outline in effect served as a checklist against which jurors could measure the evidence as it came in, with the attendant danger that jurors would conclude defendant was guilty even before he could present evidence or argument. That danger was heightened here by the fact that the issues of voluntariness and credibility, both central to the defense, were not part of the outline.
Having deprived defendant of a fair trial, the error cannot be considered harmless (People v Crimmins, 36 NY2d 230, 238).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.