■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE RHYNE, Appellant.—Judgment, Supreme Court, Bronx County (David Levy, J.), rendered December 14, 1981, which convicted defendant, after jury trial, of robbery in the first degree and sentenced him to a prison term of 3 to 9 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The defendant was tried on charges of murder in the second degree, robbery in the first degree, and assault in the first degree arising out of the gunpoint robbery of 30 to 40 patrons of a social club, and the shooting of two patrons, during the early morning hours of November 23, 1980. Defendant was arrested over two weeks later when one of the victims recognized him in the street and notified the police. Of the 10 victims who viewed a lineup several days later, only two identified the defendant while five identified some other person in the lineup.

At the trial, six victims of the robbery testified and only three identified the defendant as one of the perpetrators. Two victims, called by the defense, testified that they had selected someone other than the defendant in the lineup. The Assistant District Attorney who conducted the lineup was called as a witness by the defense, but the court refused to allow him to be questioned as to the nonidentification and misidentification by a number of witnesses who had viewed the lineup, ruling that it would be hearsay.

The defense then presented an alibi defense through documentary evidence and the testimony of defendant's ex-wife and her mother, who claimed that he was with them throughout the time of the robbery, celebrating the birthday of their son.

At the conclusion of the trial, the Judge indicated that he would submit in writing portions of his charge to the jury. Defense counsel originally objected to the written submission of anything other than the elements of the crime and requested an identification charge which would include reference to any factors which might demonstrate the unreliability of the identification. Later, upon being provided with a copy of the court's proposed charge, defense counsel objected to the submission of the written instructions in their entirety. Nevertheless, the Judge distributed to the jury a 12-page typewritten document containing the portions of his charge regarding the following points: the elements of the crimes charged, acting in concert, circumstantial evidence, an identification charge that failed to enumerate the factors raised by the defense to challenge the identification, an instruction that the People were not required to produce the pistol referred to in testimony, and an alibi charge.

After deliberating overnight, the jury returned a verdict acquitting defendant of the murder and assault charges and convicting him of robbery in the first degree.

We have previously criticized the practice of submitting written portions of the charge to the jury prior to its deliberations. *(People v Compton,* 119 AD2d 473; *cf. also, People v Townsend,* 111 AD2d 636, *affd* 67 NY2d 815.) Here, as in *Compton,* the portions of the final charge submitted in writing, particularly that portion on identification, highlighted certain principles to the exclusion of others, without including the countervailing principles favorable to the defense *(see also, People v Whalen,* 59 NY2d 273, 279) and severely prejudiced the defendant in this close case where defendant's identifica-

tion was the major issue. As noted, only three of the six witnesses at the trial, and two of the 10 witnesses at the lineup, identified the defendant as the perpetrator. There was also a significant discrepancy in the description given to the police at the time of the robbery indicating that the perpetrator was in his early or mid-twenties, while the defendant is 37 years old.

Under the circumstances of this case, we conclude that the submission to the jury of written portions of the charge on these crucial issues deprived defendant of a fair trial. *(People v Compton, supra.)*

Accordingly, we reverse the conviction and remand for a new trial. Concur—Kupferman, J. P., Carro, Asch, Kassal and Ellerin, JJ.