■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALLEN BROOKS, Appellant.—Judgment of the Supreme Court, Bronx County (Fred Eggert, J.) rendered April 15, 1985, after a jury trial, convicting the defendant of manslaughter in the first degree and sentencing him to an indeterminate term of from 5 to 15 years and imposing a surcharge pursuant to

Penal Law § 60.35, modified, on the law, to delete the surcharge, and otherwise affirmed.

Inasmuch as the offense involved was committed prior to the effective date of the mandatory surcharge statute, it could not be applied ex post facto. *(People v Clarke,* 111 AD2d 11.)

The People properly concede to this effect.

The defendant contends that he was deprived of a fair trial because the court submitted to the jury at the conclusion of the case, after a completely satisfactory charge, a portion of the charge in writing.

Although submission in writing of a portion of the charge after completion of the trial and for use by the jury in deliberations is, at best, of doubtful legality where not requested by the jury and objected to by one of the parties *(see,* CPL 310.30), and has been found by this court to constitute reversible error where the written portion was "unbalanced" *(see, People v Compton,* 119 AD2d 473), the issue presented is significantly different from that presented where the court submits in writing elements of the crimes for use by the jury during the trial. In the latter situation, the Court of Appeals has concluded that such a submission deprives a defendant of a fair trial because it invites "piecemeal, premature analysis of the evidence * * * with the attendant danger that jurors would conclude defendant was guilty even before he could present evidence or argument" *(People v Townsend,* 67 NY2d 815, 817). That danger clearly is not present where the written instruction is submitted after the completion of the trial and for use during deliberations.

Under the circumstances presented here, we are persuaded that the defendant's right to a fair trial was not impaired, and that the error was not reversible.

The single question presented in this trial was raised by the defense of justification interposed by the defendant. The court's supplemental charge set forth that central issue in a fair and balanced manner, emphasizing that the prosecution was required to disprove the defense beyond a reasonable doubt, accurately presenting the defendant's contention, and defining the meaning of deadly physical force and serious physical injury.

The evidence supporting the jury's determination seems to us to have been overwhelming.

We have examined the defendant's other appellate contentions and find them to be without merit. Concur—Kupferman, J. P., Sandler, Ross, Carro and Kassal, JJ.