■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MOORE, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Fried, J.), rendered July 12, 1985, convicting defendant, upon a jury verdict, of two counts of murder in the second degree and one count of burglary in the first degree, and sentencing him to concurrent, indeterminate terms of imprisonment of from 25 years to life on the two murder convictions, and 12½ to 25 years on the burglary conviction, unanimously affirmed.

It was error for the trial court to submit to the jury, during deliberations, copies of the felony murder counts of the indictment. However, the error was harmless, and did not prejudice the defendant or deny him a fair trial in view of the overwhelming evidence of defendant's guilt. During deliberations, the jury requested a copy of the second and third counts of the indictment. Because the indictment had been read to the jury on a number of occasions, the court permitted the jury to receive a photocopy of the felony murder counts, without any other portions of the indictment. Before providing a copy of those counts, the court clearly and carefully reminded the jury that the indictment was not evidence.

Defendant relies on *People v Townsend* (111 AD2d 636 [1st Dept 1985], 112 AD2d 69 [1st Dept 1985], *affd* 67 NY2d 815

[1986]) and *People v Compton* (119 AD2d 473 [1st Dept 1986]). However, these cases concern the submission of written jury instructions, not the issue of whether a copy of an indictment can be submitted to the jury. Appellant made the unwarranted extrapolation that the potential for prejudice attendant upon the jury's receipt of written instructions would be present upon its receipt of a copy of the indictment. The sole basis of the *Townsend* decision was that the distribution of written *preliminary* instructions encouraged premature deliberation. Since the jury in the present case received the written material after the court had charged the jury, premature deliberation was not at issue. *(Cf., People v Brooks,* 126 AD2d 422.)

In the instant case, the photocopied portions of the indictment merely represented in written form the charges which had been read to the jury several times during the trial. The jury requested the photocopies after hearing the court's charge and immediately after the court had granted their request to have the felony murder counts read again. The photocopies served as an aid to the jury, allowing them to read, in addition to hearing, the counts of the indictment they were most strongly considering. Moreover, the Trial Judge was careful to instruct the jury that the photocopies were not evidence. Since a jury is presumed to follow the instructions given by the court, the submission of the photocopies was harmless error. We have considered the other issues raised by defendant, and find them to be without merit. Concur—Sandler, J. P., Carro, Asch, Rosenberger and Ellerin, JJ.