■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HICKEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered July 11, 1984, convicting him of rape in the first

degree (two counts), sodomy in the first degree (four counts), sexual abuse in the first degree (four counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with six offenses and related crimes allegedly committed upon two minor children, who were brother and sister. During the trial, the brother, who was nine years old, was called as a prosecution witness. The Trial Judge introduced himself, the court personnel and the respective attorneys, and he also stated to the witness that "Mr. Hickey [the defendant] is the party over there". The defendant argues on appeal that the trial court's identification of the defendant to the witness was unduly suggestive and that, as a result, the witness should not have been permitted to identify the defendant to the jury. However, by simply identifying the defendant to the witness as the person on trial in the course of identifying the various participants in the proceeding, the court did nothing to suggest that the defendant was, in fact, the perpetrator of these crimes. Assuming, arguendo, that the court's comment was improper, it was, under the circumstances, harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230). As correctly noted by the trial court, there was simply no substantial identification question in this case inasmuch as the victims and the defendant were known to each other. Therefore, suggestiveness was not a concern *(see, People v Gissendanner,* 48 NY2d 543, 552; *People v Levy,* 123 AD2d 885, 886, *lv denied* 69 NY2d 713).

The defendant also contends that the trial court erred in determining that the prosecution witness Moore was competent to testify *(see,* CPL 60.20 [1]). However, the determination of whether a witness possesses the requisite mental capacity to testify is within the discretion of the trial court, and that determination should be sustained by an appellate court absent a clear showing of an abuse of discretion *(see, People v Parks,* 41 NY2d 36, 45-46; *People v Kwok Chan,* 110 AD2d 158, 161, *lv denied* 66 NY2d 920). We cannot say that the trial court abused its discretion in this case, and we decline to disturb its determination.

In addition, the trial court properly excluded testimony of the witness Moore's psychiatrist regarding a communication allegedly made to him by Moore which was inconsistent with her trial testimony. That communication was clearly privileged, and the privilege was not waived by Moore's submission

to cross-examination regarding her mental illness (see, CPLR 4504 [a]; Richardson, Evidence § 438 [Prince 10th ed]).

We find no merit to the defendant's claim that he suffered a deprivation of his constitutional right to confrontation as a result of the trial court's refusal to afford him "significant access" to *Rosario* material (see, *People v Rosario,* 9 NY2d 286, cert denied 368 US 866). The record demonstrates that the prosecution did "make available" such materials within the meaning of CPL 240.45 (1), and that defense counsel was provided with sufficient opportunities to review them.

The defendant further claims that the trial court failed to deliver preliminary instructions to the jury as required by CPL 270.40. The record discloses that preliminary instructions were so given, but they were not given in the time and manner mandated by CPL 270.40. However, because the defendant did not object to the court's noncompliance with that mandate, the issue is not preserved for appellate review (see, *People v Van Etten,* 94 AD2d 953), and, on this record, we decline to exercise our discretion to review it in the interest of justice (see, CPL 470.15 [6] [a]). Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.