■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HILL, Appellant.—Judgment, Supreme Court, New York County (Albert P. Williams, J.), rendered October 22, 1985, convicting defendant, after a jury trial, of robbery in the second degree (Penal Law § 160.10 [2] [a]) and sentencing him as a second violent felony offender to an indeterminate term

of 5 to 10 years, unanimously reversed, on the law, and the matter remanded for a new trial.

At the trial, over defendant's objection, the Judge submitted to the jury written portions of its charge which covered the contents of the indictment and the statutory elements of robbery in the second degree and the lesser included offense of attempted robbery in the second degree. This was "to assist you [the jurors] in reaching your verdict."

As conceded by respondent, this was error, requiring reversal of the conviction and a new trial under the clear holding by the Court of Appeals in *People v Owens* (69 NY2d 585; *see also, People v Rhyne,* 121 AD2d 954; *People v Compton,* 119 AD2d 473). Under the holding of these cases, the submission in writing of a portion of the charge "created the potential for prejudice by inviting the jury to place undue emphasis on those matters contained in the written submission, subordinating those portions of the charge—favorable to the defense— contained in the oral charge" *(People v Owens, supra,* at 591). This was error, which the court held could not be deemed harmless, since it resulted in an unbalanced charge by highlighting certain principles to the exclusion of others and thereby severely prejudicing defendant's right to a fair trial *(People v Owens, supra; cf., People v Vincenty,* 68 NY2d 899; *People v Townsend,* 67 NY2d 815).

Accordingly, we vacate the conviction and remand the case for a new trial. Concur—Sandler, J. P., Carro, Milonas, Kassal and Ellerin, JJ.