■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH RENCHER, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Golia, J.), dated December 21, 1987, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including a disposition of those branches of the defendant's motion which were not decided by Criminal Term in light of its dismissal of the indictment.

The defendant was indicted on charges of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree. Penal Law § 220.39 (1) defines the former offense, as it was charged in the indictment, as follows:

"A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells * * *

"a narcotic drug".
The statute contains no requirement that the People prove that the defendant sold any particular quantity of a narcotic in order to establish the elements of this crime *(see, People v Jones,* 63 AD2d 582, 583).

We are not persuaded by the argument which has found acceptance in several courts *(see, e.g., People v Mizell,* 139 Misc 2d 286; *People v Ifill,* 137 Misc 2d 14; *People v Shelton,* 136 Misc 2d 644; *People v Mason,* 136 Misc 2d 968) that the sale or possession of a minute quantity of narcotics is not a crime. The terms of the statute are unambiguous and, like the courts in a majority of jurisdictions which have considered

similar arguments *(see, e.g., Hampton v State,* 498 So 2d 384, 386 [Miss]; *State v Humphreys,* 54 NJ 406, 255 A2d 273; *State v Forrester,* 29 Ore App 409, 564 P2d 289, 291; *see also, State v Vance,* 61 Haw 291, 602 P2d 933, 943, and cases cited therein), we find that it would be completely inappropriate to, in effect, amend the statute by judicial fiat so as to require the People to prove that the quantity of narcotics in question was "usable".

We, therefore, conclude that Criminal Term erred in dismissing the indictment upon the basis that the quantity of narcotics (heroin) alleged to have been sold by the defendant in this case was unusable, since it was so small as to have been characterized in a laboratory report as a "residue". We also find absolutely no support for the finding by Criminal Term that, because the laboratory report referred to a "residue" of heroin, the substance in question was in fact not heroin but rather some "chemical progeny" of heroin.

The order under review is therefore reversed and the indictment reinstated. Criminal Term is directed to determine the remaining branches of the defendant's motion. Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.