**36** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ADERMI FUJAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered November 26, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The trial court inadvertently began its charge to the jury before the parties' summations. Upon realizing its mistake, the court announced that it would complete the general instructions portion of the charge and, after summations, would deliver the specific instructions on the charges in the indictment. Although no objection was made to this procedure, the defendant contends on this appeal that the bifurcated charge deprived him of a fair trial. We agree.

We find that an issue of law is presented for our review despite the absence of an objection at trial because the error is one which "affects * * * ' "the mode of proceedings prescribed by law" ' " (People v Mehmedi, 69 NY2d 759, 760; People v Ahmed, 66 NY2d 307, 310).

We conclude that the court erred in delivering a large portion of the charge to the jury before summations, and that the defendant is entitled to a new trial. The order of the trial prescribed by CPL 260.30 should be followed absent a showing of a compelling reason for a variation (see, People v Gonzalez, 140 AD2d 455; People v Theriault, 75 AD2d 971; People v Pollard, 54 AD2d 1012), and no such compelling reason is present here. The court's charge should focus attention on the specific factual issues to which the general principles apply, and the "issue crystallization process can only achieve its potential if detailed instructions are given immediately before the jury's deliberation" (People v Newman, 46 NY2d 126, 130). We cannot rule out the possibility that the manner in which the charge was given confused the jury or that the general-instruction portion of the charge was too removed in time from the jury's deliberations to be effective.

In view of our determination that a new trial is required, we need not address the defendant's remaining contention. Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.