*743 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and matter remanded for a new trial.
Defendant was convicted after a jury trial of driving while intoxicated. Much of the case against the defendant consisted of statements made by the arresting officers and statements made by the defendant admitting that she had a few drinks during the evening. However, there was no direct physical evidence adduced at the trial establishing whether the defendant was intoxicated since she refused to submit to an alcohol breath test and the police officers failed to administer a field sobriety test.
In its preliminary charge, the court, before advising the jury on general trial procedure and its duties in particular, outlined the elements of the crime charged and the lesser included offense of that crime. The court then gave preliminary instructions relating to the jury’s basic functions, duties and conduct. We note the court used the phrase "reasonable doubt” numerous times in conjunction with the elements of the crime charged, but no definition was provided at this stage. The defendant subsequently moved for a mistrial on the ground that the preliminary charge contained the substantive elements of the crime charged against the defendant. Only after counsels’ summations did the court give instructions on reasonable doubt, presumption of innocence, voluntariness of statements and the manner in which to assess credibility.
Contrary to the People’s argument, we find that the issue raised on appeal was preserved by the defendant for this court’s review (see, CPL 470.05; People v Aguilera, 156 AD2d 698).
The defendant in this case presents the novel question of whether the preliminary instructions given in oral form to the jury, which contained an outline of the elements of the crime charged against the defendant, constituted reversible error.
In our opinion, the preliminary instructions given to the jury clearly went beyond the general instruction authorized by CPL 270.40 (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 270.40, at 467; see generally, People v Newman, 46 NY2d 126, 130).
The duty of the jury not to consider the case before it is submitted is an important one derived from statutory requirements (see, CPL 310.10, 260.30 [11]). Under the circumstances *744 in this case, we find that the court’s outline of the elements of the crime charged served as a checklist against which jurors could measure the evidence as it unfolded and conclude defendant was guilty before the defense could present its evidence or argument (People v Vincenty, 68 NY2d 899; People v Townsend, 67 NY2d 815).
Moreover, we find that the court’s instructions were unbalanced because they dealt with the elements of the crime in the complete absence of any reference to the presumption of innocence, burden of proof and credibility (People v Vincenty, supra; People v Townsend, supra). Despite the court’s reference to the phrase "beyond a reasonable doubt” in conjunction with the elements of the crime, the term was not explained to the jurors until the court’s final charge after summation. The risk or attendant danger here is that the jury was encouraged to make a preliminary determination as to the elements of the crime in the absence of an explanation of fundamental legal principles beneficial to the defendant (see, People v Vincenty, supra; People v Townsend, supra).
Although the Vincenty and Townsend cases (supra) may be factually dissimilar to the instant case because the preliminary instructions were in writing, it is our opinion that the rationale articulated in those cases should apply here (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 270.40, at 467). Consequently, we find the preliminary charge given to the jury in this case shifted the balance inherent in a fair trial, and the error cannot be considered harmless (People v Townsend, supra).
Di Paola, P. J., Collins and Ingrassia, JJ., concur.