■ The People of the State of New York, Respondent, v Johnny Clark, Appellant. [639 NYS2d 801]

The trial court appropriately exercised its discretion in denying defendant's application for a visit to the crime scene on the ground that various photographs of the scene and a dimensional exhibit prepared by the defense, combined with eyewitness testimony of the arresting officer, the defendant's investigator, photographs, and other relevant testimony, permitted it, as finder of fact, to determine the contested issue of whether defendant could have entered and exited the premises through a broken window, as alleged (*see, People v Robinson*, 133 AD2d 473, *lv denied* 71 NY2d 1032).

The parties were given the opportunity to deliver summations in the order provided for a trial by jury, and the trial court thereafter rendered its verdict (CPL 320.20 [3] [c], [d]). The record indicates that defense counsel was, in effect, permitted to give two summations. To the extent the order of the proceedings was varied, defense counsel's extended arguments in connection with his application for a trial order of dismissal, understandably misunderstood by the trial court to encompass his summation argument, provided a compelling reason for the variation (*see, People v Seiler*, 246 NY 262, 269-270; *cf., People v Fujah*, 182 AD2d 774). There is no indication in the record that the trial court did not duly consider all arguments of counsel. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.