■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAKIS FARRELL, Appellant. [646 NYS2d 124]

The defendant was arrested after a high-speed car chase involving numerous police vehicles as well as a police helicopter. At trial, both the arresting officer, Officer Cella, and his partner, Officer DiBlasio, testified that the chase began when Cella recognized the defendant and told DiBlasio, who was driving the unmarked police car, "It is Makis, stop the car, turn around".

The defendant's contention that the court improperly admit-

ted hearsay evidence bolstering the police identification by allowing DiBlasio to testify as to Cella's statement is unpreserved for appellate review (*see, People v Qualls,* 55 NY2d 733, 734). In any event, this claim is without merit. Cella's statement to DiBlasio was admissible as either a present sense impression (*see, People v Brown,* 80 NY2d 729) or an excited utterance (*see, People v Edwards,* 47 NY2d 493). Since under either exception the statement was admissible notwithstanding the availability of the declarant at trial, the repetition of Cella's statement by DiBlasio did not constitute improper bolstering (*see, People v Buie,* 86 NY2d 501, 511).

The defendant's contention that reversible error was committed because of certain improper comments made by the prosecutor in summation is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953). In any event, the prosecutor's comments were within the bounds of fair response to the defense counsel's attack on the credibility of the police witnesses, as well as fair comment on the evidence (*see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105; *People v Jefferson,* 136 AD2d 655, 657; *People v Geddes,* 134 AD2d 279, 280).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.