■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMED THIAM, Appellant. [647 NYS2d 763] —Judgment, Supreme Court, New York County (Renee White, J.), rendered July 28, 1994, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 5 to 15 years and 2¹/₃ to 7 years, respectively, unanimously affirmed.

According due deference to the credibility determinations of the hearing court (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734), the testimony at the suppression hearing established that defendant voluntarily invited the officers into his room, and that the clear intent of the officers was to investigate, not to arrest. The evidence sought to be suppressed was not the product of an illegal arrest, but rather was obtained in the course of police investigation and prior to any arrest (*see, People v Kozlowski*, 69 NY2d 761), irrespective of the circumstances of the police entry into defendant's rooming house. Thus, the hearing court properly denied defendant's suppression motion.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of the crimes charged was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), and we find the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490).

The trial court properly denied defendant's application for in camera inspection of the records of a rape crisis counselor

who interviewed the complainant at the hospital on the ground that defendant's motion failed to set forth "specific factual allegations providing grounds that disclosure [of an otherwise privileged communication] is required" (CPL 60.76).

Since there is nothing unique about a 1993 Pontiac Grand Am, the trial court's ruling that defendant might introduce photographs of the car's interior, as well as offer expert testimony regarding relevant dimensions, rather than have the jury view such vehicle, was an appropriate exercise of discretion that permitted the jury to determine the contested issue (*see, People v Clark*, 225 AD2d 472).

Defendant's additional claims of error do not warrant modification of the judgment. Concur—Milonas, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.