■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL C. MURRAY, Appellant. [668 NYS2d 471] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered October 18, 1996, convicting him of criminal possession of a controlled substance in the fifth degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

During an encounter with the police, the defendant dropped a bag later determined to contain 1100 milligrams of cocaine. The defendant moved to suppress the cocaine arguing, *inter alia,* that it was the fruit of an unconstitutional seizure of his person. However, although the defendant was seized within the meaning of the New York Constitution at the time he dropped the bag, the police possessed a reasonable suspicion that he was engaged in criminal activity, and, therefore, the seizure of the defendant was permissible (*see, People v Bora,* 83 NY2d 531; *People v Harrison,* 57 NY2d 470; *People v Castro,* 129 AD2d 406, *affd* 70 NY2d 943). In any event, the facts adduced at the suppression hearing support the hearing court's conclusion that the dropping of the bag was not a spontaneous reaction to police conduct, but was rather an independent act of the defendant involving a calculated risk (*see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Dukes,* 184 AD2d 522). Thus, suppression of evidence of the cocaine was properly denied.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.