■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WATTS, Appellant. [676 NYS2d 475] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered August 7, 1995, convicting him of robbery in the first degree (three counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that allegedly improper remarks made by the prosecutor during summation constituted reversible error. However, the challenges to most of the comments have not been preserved for appellate review (*see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *People v Medina,* 53 NY2d 951). The few remarks which have been adequately preserved constituted fair comment on the evidence in the case (*see generally, People v Ashwal,* 39 NY2d 105; *People v Farrell,* 228 AD2d 693), as well as permissible responses to the summation of the defense counsel (*see, People v Galloway,* 54 NY2d 396; *People v Farrell, supra).*

The defendant similarly has failed to preserve for appellate review his claims that the court's marshaling of the evidence and its identification charge unfairly prejudiced him, since he did not challenge the propriety of the charge on the specific grounds which he now asserts (*see,* CPL 470.05 [2]; *People v Bacchus,* 183 AD2d 720; *People v Stratton,* 182 AD2d 847).

The court did not err in imposing consecutive sentences for two of the robberies of which the defendant was convicted. While the robberies were part of the same extended criminal transaction, the two robberies at issue involved separate acts of taking property from the respective victims (*see generally, People v Ramirez,* 89 NY2d 444; *People v Brown,* 80 NY2d 361; *People v Hill,* 245 AD2d 464; *People v Phillips,* 208 AD2d 656). Concurrent sentences were not mandated because the robberies were not committed through a single act, nor was the robbery of one victim a material element of the robbery of the other (*see,* Penal Law § 70.25 [2]; *People v Truesdell,* 70 NY2d 809; *People v Diaz,* 210 AD2d 248). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.