■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEF McBRIDE, Appellant. [683 NYS2d 97] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered November 6, 1996, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling did not constitute an improvident exercise of discretion (*see, People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282, 292; *People v Sandoval,* 34 NY2d 371). Similarity between the crime charged and the prior convictions does not automatically compel preclusion for impeachment purposes (*see, People v Mattiace, supra;*

*People v Pavao, supra; People v McClam,* 225 AD2d 799). The court limited the prosecutor's inquiry to whether the defendant had previously committed robbery in the first degree and robbery in the second degree and was convicted, but prohibited inquiry into the underlying facts of the crimes, unless the defendant equivocated while testifying. The defendant's previous convictions of robbery were probative on his credibility and willingness to put his own interests above that of society (*see, People v Walker,* 83 NY2d 455, 461; *People v Pavao, supra*).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.