■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRET WILSON, Appellant. [690 NYS2d 666] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 18, 1997, convicting him of burglary in the first degree, robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators who broke into the complainants' home at gunpoint and robbed them. Although only one witness was able to identify the accused, the defendant signed a detailed written statement confessing to his participation in the charged crimes, and was in possession of some of the stolen property. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We also find no merit to the defendant's claim that the Supreme Court's *Sandoval* ruling was an improvident exercise of discretion. Evidence that the defendant had committed two prior robberies was highly relevant on the issue of his credibility (*see, People v McBride,* 255 AD2d 459; *People v Martin,* 221 AD2d 373; *People v Natal,* 144 AD2d 587, *affd* 75 NY2d 379), and the probative value of this evidence outweighed the danger of prejudice to him (*see, People v Pavao,* 59 NY2d 282).

In view of the serious nature of this offense and the defendant's prior criminal history, the sentence imposed is neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review. Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.