■ The People of the State of New York, Respondent, v Frank A. Smith, Appellant. [728 NYS2d 384] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered June 15, 2000, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf., *People v Gonzalez,* 47 NY2d 606). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.

■ The People of the State of New York, Respondent, v Confessor Soto, Appellant. [728 NYS2d 385] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered February 3, 1998, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The failure to disclose the identities of two witnesses and an informant possessing exculpatory information deprived the defendant of a fair opportunity to conduct an investigation into this information (see, *Brady v Maryland,* 373 US 83; *People v Roberts,* 203 AD2d 600). There is a reasonable possibility that the failure to disclose the identities of these individuals affected the outcome of the trial (see, *People v Vilardi,* 76 NY2d 67).

Moreover, the Supreme Court erred in instructing the jury on the charges against the defendant before the summations (see, CPL 260.30, 270.40). The Supreme Court's instructions created the possibility of premature deliberations by the jury (see, *People v Mollica,* 267 AD2d 479; *People v Fujah,* 182 AD2d 774; see also, *People v Townsend,* 67 NY2d 815). The error was not harmless since it deprived the defendant of a fair trial (see, *People v Crimmins,* 36 NY2d 230; CPL 470.15 [6] [a]).

The defendant's remaining contentions are either without merit or need not be addressed in light of our determination. Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.