■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODRICK BARMORE, Appellant. [782 NYS2d 656]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered November 7, 2003, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention regarding the preliminary instructions given to the jury (see CPL 470.05 [2]; People v Robinson, 8 AD3d 502 [2004]; People v Hickey, 133 AD2d 421, 423 [1987]). In any event, proper instructions were given, as they adequately conveyed to the jury its function, duties, and conduct (see CPL 270.40; People v Robinson, supra; People v Fleming, 270 AD2d 498 [2000]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, and in any event, is without merit. The People were not required to adduce evidence

of the weight of the heroin to prove the defendant's guilt of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree beyond a reasonable doubt (*see* CPL 470.05 [2]; Penal Law § 220.16 [1]; § 220.39 [1]; *People v Rencher,* 141 AD2d 676 [1988]).

The defendant's precise contention on appeal regarding the admission into evidence of a videotape of the alleged heroin sale is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 19-21 [1995]), and in any event, its admission was proper. A witness testified that the videotape was a fair and accurate depiction of his purchase of heroin from the defendant (*see People v McGee,* 49 NY2d 48, 60 [1979], *cert denied sub nom. Waters v New York,* 446 US 942 [1980]; *People v Clerk,* 231 AD2d 584 [1996]; *People v Fondal,* 154 AD2d 476 [1989]).

The trial court providently exercised its discretion in allowing the People to cross-examine the defendant as to his prior convictions, were he to testify (*see People v Mattiace,* 77 NY2d 269, 274-275 [1990]; *People v Sandoval,* 34 NY2d 371 [1974]; *People v McBride,* 255 AD2d 459 [1998]).

The defendant was not denied the effective assistance of counsel. The defendant failed to demonstrate any deficient performance by his trial counsel and failed to establish the absence of strategic or other legitimate explanations for his attorney's claimed failures (*see People v Taylor,* 1 NY3d 174, 176 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85 [1982]). Smith, J.P., Adams, Crane and Lifson, JJ., concur.