■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL DAVIS, Appellant. [783 NYS2d 850]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered April 16, 2002, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The Supreme Court erroneously instructed the jury on the charge of robbery by defining its elements prior to opening statements (*see* CPL 260.30, 270.40). The Supreme Court's instructions created the possibility of premature deliberations by the jury (*see People v Townsend,* 67 NY2d 815 [1986]; *People v Soto,* 285 AD2d 618 [2001]; *People v Mollica,* 267 AD2d 479 [1999]; *People v Fujah,* 182 AD2d 774 [1992]). We review this issue despite the absence of an objection at trial because the error is one which affects the "mode of proceedings proscribed by law" (*People v Patterson,* 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]; *see People v Mehmedi,* 69 NY2d 759, 760 [1987]; *People v Ahmed,* 66 NY2d 307, 310 [1985]; *People v Fujah, supra*) in violation of the statutorily proscribed order of trial proceedings (*see* CPL 260.30).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.