■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ALSTON, Appellant. [806 NYS2d 208]—

Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), rendered January 22, 2004, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and reducing the amounts of the mandatory surcharge and crime victim assistance fees from $200 and $10 to $150 and $5, respectively, and otherwise affirmed.

The court properly exercised its discretion (*see* CPL 270.50 [1]) in denying defendant's request for a visit to the crime scene. Photographs of the scene, as well as the testimony of the eyewitnesses and defendant's investigator, permitted the jury to determine whether the eyewitnesses were able to make reliable identifications of defendant from their nearby vantage point (*see People v Clark,* 225 AD2d 472 [1996], *lv denied* 88 NY2d 982 [1996]). Furthermore, defendant was unable to demonstrate that the scene had not changed since the time of the shooting nearly eight years earlier, and conceded that an obstruction existed that had not existed at the time of the crime (*see People v Young,* 225 AD2d 1066 [1996], *lv denied* 88 NY2d 1026 [1996]). In any event, were we to find that the crime scene visit should

have been granted, we would find the error to be harmless in view of the overwhelming evidence of defendant's guilt. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

We perceive no basis for reducing the sentence.

As the People concede, since defendant committed the instant crime prior to the effective dates of amendments to Penal Law § 60.35 providing for the imposition of DNA databank fees, and increasing the mandatory surcharge and crime victim assistance fees, defendant's sentence is unlawful to the extent indicated. Concur—Tom, J.P., Friedman, Nardelli and Sweeny, JJ.