[818 NYS2d 113]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN HARPER, Appellant.

Second Department, June 6, 2006

### APPEARANCES OF COUNSEL

*Allen Harper,* pro se, and *Lynn W. L. Fahey,* New York City (*De Nice Powell* of counsel), for Allen Harper, appellant.

*Charles J. Hynes, District Attorney,* Brooklyn (*Leonard Joblove, Adam S. Charnoff, Joyce Slevin, Thomas S. Burka* and *Thomas M. Ross* of counsel), for respondent.

### OPINION OF THE COURT

Spolzino, J.

The principal issue presented on this appeal is whether the Supreme Court erred in explaining to the jury, in the course of giving preliminary instructions, the elements of each of the three robbery counts with which the defendant was charged. The defendant argues, on the basis of *People v Mollica* (267 AD2d 479 [1999]), that giving such instructions constitutes reversible error. For the reasons that follow, however, we decline to adhere to the rule enunciated in *People v Mollica* (*supra*) and, because the remaining issues raised by the defendant on this appeal present no basis for reversing his conviction, we affirm.

In *People v Mollica* (*supra*), we held that it is reversible error to instruct the jury before summations with respect to the elements of the crime with which the defendant is charged. Our holding was predicated on *People v Townsend* (67 NY2d 815 [1986]), in which the Court of Appeals held that it was reversible error to provide the jury, before opening statements, with a written statement of the elements of the crime in issue. The logic of the Court of Appeals' decision was that the written outline "invited piecemeal, premature analysis of the evidence" and "in effect served as a checklist against which jurors could measure the evidence as it came in, with the attendant danger that jurors would conclude [the] defendant was guilty even before he could present evidence or argument" (*People v Townsend, supra* at 817; *see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.40, at 428).

Responding to these concerns in *People v Mollica* (*supra*), we extended the holding in *Townsend* to apply to any form of preliminary instruction on the elements of the crime, even without a writing, an issue that was not presented in *Townsend.*

In the nearly 20 years that have passed since *Townsend* was decided, the Court of Appeals has adhered to its holding (*see People v Owens*, 69 NY2d 585, 590 [1987]; *People v Vincenty*, 68 NY2d 899 [1986]), but has never extended that holding beyond the issue of written instructions. We have similarly continued to adhere to our position with respect to oral preliminary instructions (*see People v Davis*, 12 AD3d 456, 457 [2004]; *People v Soto*, 285 AD2d 618 [2001]). However, with the exception of the Appellate Term, Ninth and Tenth Judicial Districts (*see People v Santos-Jackson*, 2003 NY Slip Op 50678[U] [2003]; *People v Morris*, 162 Misc 2d 742 [1994]), we have done so alone. In fact, in the only other Appellate Division decision on the issue, the Appellate Division, Third Department, rejected the principle (*see People v Morris*, 153 AD2d 984 [1989]).

Since our holding in *People v Mollica* (*supra*), moreover, there has been "an enormous amount of research and innovation, nationwide . . . focused on jury improvement" (Kaye, *2005: A Banner Year for Juries*, 77 NY St BJ 20 [May 2005]). Preliminary jury instructions are now viewed as a way "to provide an introduction to the parties and their claims, and to provide guidance on contested issues and the governing legal principles" (ABA, Principles for Juries and Jury Trials, Commentary, at 33, quoting from National Center for State Courts, Jury Trial Innovations § V-9 [Munsterman et al. eds 1997]). Consistent with this, substantive preliminary instructions allow the jury to "understand in advance the context in which they will be required to evaluate or analyze" the evidence (ABA, Principles for Juries and Jury Trials, Commentary, at 33; *see* 5 LaFave, Israel and King, Criminal Procedure § 24.8 [2d ed]; Schwarzer, Reforming Jury Trials, 132 FRD 575, 584 [1991]; Cohen, *The Timing of Jury Instructions*, 67 Tenn L Rev 681, 688-692). As a result, such instructions are now recommended by the Principles for Juries and Jury Trials, recently endorsed by the American Bar Association (*see* ABA, Principles for Juries and Jury Trials, principle 6 [C] [1] [2005]).

Current studies, particularly those conducted as part of the Jury Trial Project of the New York State Unified Court System, have demonstrated the benefits of substantive preliminary instructions. As the committee found, "substantive preliminary

instructions can make it easier for jurors to understand the evidence as it is presented to them" (Final Report of the Committees of the Jury Trial Project, at 31 [2005]). Specifically, "[j]urors who heard preliminary instructions on the law that included elements of the claims or charges were more likely than those who heard standard preliminary instructions to report that the early explanation of the law helped them to better understand the burden of proof" (*id.* at 36). Surveys of judges, attorneys, and jurors undertaken as a part of that project bear out these benefits (*see* Krauss, *Jury Trial Innovations in New York State*, 77 NY St BJ 22 [May 2005]; Connor, *Los Angeles Trial Courts Test Jury Innovations and Find They are Effective*, 67 Def Couns J 186, 192-193 [April 2000]; Sand and Reiss, *A Report on Seven Experiments Conducted by District Court Judges in the Second Circuit*, 60 NYU L Rev 423, 437-442 [1985]). In fact, attorneys who try criminal cases were more supportive of such instructions than those who represent civil litigants (*id.*).

The now-prevailing view that substantive preliminary instructions are not objectionable does not, however, eliminate any concern about their use in criminal cases. It would be problematic, for example, to give preliminary instructions with respect to the elements of the crimes charged without at the same time instructing the jury as to the presumption of innocence, the burden of proof, and the manner in which the jury should assess the credibility of witnesses (*see People v Morris,* 162 Misc 2d at 742, *supra*) and providing an admonition against forming any conclusion until all of the evidence has been heard (*id.*). In the interest of fairness and balance, moreover, it may be appropriate, in the discretion of the trial court, to provide a "non-argumentative impartial theory-of-defense instruction" (*United States v Tucker,* 1991 WL 33644, *1, 1991 US Dist LEXIS 2790, *3 [ND Ill, Feb. 12, 1991]), where requested (*see State v Vowell,* 25 Ariz App 404, 405, 544 P2d 228, 229 [1976]). Critically, substantive preliminary instructions are not a substitute for complete final instructions (*see* CPL 300.10; *People v Newman,* 46 NY2d 126, 130-131 [1978]).

▮ Nevertheless, as the Chief Judge has admonished, "[w]e cannot, and should not, ignore the lessons learned" with respect to the best manner in which to assist the jury in performing its function (Kaye, *2005: A Banner Year for Juries*, 77 NY St BJ 20, *supra*). Therefore, presented today with the issue of the propriety of preliminary instructions with respect to the ele-

ments of the crimes charged, and recognizing the change in the way juries are seen as best performing their critical function in the criminal trial process, we decline to adhere to the rule enunciated in *People v Mollica (supra)* and its progeny. We hold, therefore, that the rule we enunciated in *People v Mollica (supra)* is no longer to be followed and that it is not an abuse of discretion per se for the trial court to give preliminary instructions outlining the elements of the crimes with which the defendant was charged. The preliminary instructions given here, which were limited to distinguishing among the three robbery counts, all of which arose from the same incident, were well within the proper exercise of the Supreme Court's discretion.

■ The defendant's claim that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress the contents of a black plastic bag that he dropped when approached by police officers is also without merit. The facts adduced at the suppression hearing support the Supreme Court's conclusion that the defendant's conduct evidenced a calculated strategy to rid himself of incriminating evidence. The Supreme Court, therefore, correctly declined to suppress the contents of the bag (*see People v Murray,* 247 AD2d 410 [1998]; *People v Yizar,* 196 AD2d 517, 518 [1993]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review.

Accordingly, the judgment should be affirmed.

SCHMIDT, J.P., SANTUCCI and LUCIANO, JJ., concur.

Ordered that the judgment is affirmed.