■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PAYTON, Appellant. [818 NYS2d 273]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered December 11, 2003, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's request for a continuance to permit him to present the testimony of a witness, since the defendant did not show that the proposed witness would present testimony material to the case (*see People v Singleton*, 41 NY2d 402 [1977]; *People v Foy*, 32 NY2d 473, 476 [1973]; *People v Edwards*, 3 AD3d 504 [2004]; *People v Rendon*, 301 AD2d 665, 666 [2003]).

The defendant failed to preserve for appellate review his contention regarding the preliminary instructions given to the jury (*see* CPL 470.05 [2]; *People v Barmore*, 11 AD3d 629 [2004]; *People v Robinson*, 8 AD3d 502 [2004]). In any event, proper instructions were given which adequately conveyed to the jury its function, duties, and conduct (*see* CPL 270.40; *People v Barmore, supra*). The Supreme Court simply read the single count of the indictment, without defining the elements of the crime with which the defendant was charged, and admonished the jury that the indictment was not evidence and to wait until it had heard all of the evidence before beginning to deliberate (*see People v Morris*, 153 AD2d 984, 986 [1989]). Thus, the instructions did not create the possibility of premature deliberations by the jury (*see People v Harper*, 32 AD3d 16 [2006]; *cf. People v Townsend*, 67 NY2d 815 [1986]; *People v Davis*, 12 AD3d 456, 457 [2004]; *People v Soto*, 285 AD2d 618 [2001]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, are without merit. Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.