▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BARNES, Appellant. [826 NYS2d 283]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 13, 2004, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not preserve for appellate review his contentions that he was deprived of a fair trial by the trial court's preliminary jury instructions or by the People's comments during summation because he failed to make specific and timely objections (*see* CPL 470.05 [2]). In any event, these contentions are without merit.

Although preliminary instructions to the jury must not create the possibility of premature deliberations (*see People v Harper*, 32 AD3d 16 [2006], *lv granted* 7 NY3d 813 [2006]), a trial court is "not required to give verbatim the pattern jury instructions" (*People v Calderon*, 182 AD2d 770, 770 [1992]). Here, the trial court did not prematurely instruct the jury on the elements of the crimes or the charges against the defendant (*see People v Townsend*, 67 NY2d 815, 817 [1986]; *People v Harper, supra*). The trial court's preliminary instructions met the requirements of CPL 270.40 and were sufficient for the jury, having heard the

court's charge, to understand the correct rules to be applied in arriving at a decision (*cf. People v Lauderdale*, 295 AD2d 539 [2002]).

The prosecutor's comments during summation were a fair response to the defendant's attack on the credibility of the police witnesses and his suggestion that the police fabricated the case against the defendant (*see People v Farrell*, 228 AD2d 693, 694 [1996]; *People v Campbell*, 228 AD2d 689, 690 [1996]). The comments did not "demonstrate a persistent, egregious course of conduct that was deliberate and reprehensible" (*People v Rudolph*, 161 AD2d 115, 116 [1990]; *see People v Svanberg*, 293 AD2d 555 [2002]). Nor did the comments deprive the defendant of a fair trial (*see People v Ortiz*, 125 AD2d 502 [1986]).

The defendant's remaining contentions are without merit. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.