■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [830 NYS2d 656]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at hearing; Budd G. Goodman, J., at jury trial and sentence), rendered February 24, 2005, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

The court properly denied defendant's suppression motion. The description of the seller's appearance, and his precise location, transmitted by the observing officer to the arresting officer, who had just arrested the buyer in a drug transaction that had occurred minutes before, provided probable cause for defendant's arrest (see e.g. People v Ortiz, 291 AD2d 273 [2002], lv denied 98 NY2d 679 [2002]). The description was sufficiently specific, given the spatial and temporal proximity between the sale and the arrest, to provide probable cause. We have considered and rejected defendant's procedural argument regarding this issue.

Defendant failed to preserve his challenge to the court's comments to the prospective jurors prior to voir dire (People v Brown, 7 NY3d 880 [2006]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal (see People v Harper, 32 AD3d 16 [2006], affd 7 NY3d 882 [2006]). Concur—Andrias, J.P., Saxe, Sullivan, Gonzalez and McGuire, JJ.