■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDIAS BARNWELL, Appellant. [833 NYS2d 904]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered February 15, 2005,

convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress physical evidence. The defendant's argument that the arresting officer's testimony was incredible as a matter of law is unpreserved for appellate review because he did not raise this specific contention before the suppression court (*see* CPL 470.05 [2]; *People v Butler*, 293 AD2d 686, 687 [2002]; *see generally People v Udzinski*, 146 AD2d 245 [1989]). In any event, the record supported the "conclusion that the defendant's conduct evidenced a calculated strategy to rid himself of incriminating evidence" (*People v Harper*, 32 AD3d 16, 20 [2006], *affd* 7 NY3d 882 [2006]; *see People v Murray*, 247 AD2d 410 [1998]).

Any error in the trial court's preclusion of the defendant's attorney from questioning two of the police witnesses about alleged prior inconsistent statements contained in certain documents prepared by one of them was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Rosario*, 267 AD2d 73 [1999]). Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.