■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ROBINSON, Appellant. [951 NYS2d 891]—

In fulfilling our responsibility to conduct an independent

review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon our review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, his absence during the jury's viewing of exhibits that had already been admitted into evidence did not deprive him of the right to be present at all material stages of the trial (*see People v Monroe*, 90 NY2d at 984; *People v Valerio*, 70 AD3d 869, 870 [2010]).

The record, viewed in totality, demonstrates that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to the defendant's contention, the prosecutor's summation remarks, when viewed in light of the defense summation, did not deprive the defendant of a fair trial (*see People v Fortune*, 70 AD3d 964 [2010]; *People v Barnes*, 33 AD3d 811, 812 [2006]; *People v Farrell*, 228 AD2d 693, 694 [1996]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.