People v Jacobs (2019 NY Slip Op 02553)





People v Jacobs


2019 NY Slip Op 02553


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02324
 (Ind. No. 1736/15)

[*1]The People of the State of New York, respondent,
v
James Jacobs, appellant.


Richard M. Langone, Garden City, NY (Constantine Dellis on the brief), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and W. Thomas Hughes of counsel; Sammi Bershad on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered February 13, 2018, convicting him of attempted murder in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of charges stemming from an incident in which he fired several gunshots at a moving vehicle occupied by the two complainants.
Contrary to the defendant's contention, the People adduced legally sufficient evidence of his identity as the perpetrator. The People presented, inter alia, the testimony of a complainant who identified the defendant at trial, and DNA and ballistics evidence showing that the defendant's DNA matched DNA found on the magazine of the firearm that was used in this shooting. In addition, the evidence showed that the firearm used in this shooting was recovered on the day after the incident from the glove compartment of a vehicle in which the defendant was a front-seat passenger. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator with respect to all counts of which he was convicted (see People v Rodriguez, 153 AD3d 235, 237, affd 31 NY3d 1067; People v Wilson, 261 AD2d 645; see also People v Flowers, 166 AD3d 1492; People v Moss, 138 AD3d 761, 761).
Further, with respect to the count of criminal possession of a weapon in the second degree based on the possession of a loaded firearm with the intent to use it unlawfully against another, the People established that the defendant had dominion and control over a loaded firearm at the time of the incident (see Penal Law § 265.15[3]; People v Oliver, 135 AD3d 1188, 1191; People v Carter, 60 AD3d 1103, 1106).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless [*2]accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The record, as a whole, shows that the defendant was afforded the effective assistance of counsel (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court